UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WESTFIELD CLUB,
        Plaintiff,

-v-

DINA DOMINIQUE,
        Defendant.

Case No. 1:07-cv-671

HONORABLE PAUL L. MALONEY

## OPINION SUPPORTING ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS THE NOTICE OF REMOVAL

Before this Court is Plaintiff's Motion to Dismiss the Notice of Removal. (Dkt. No. 7). Plaintiff requests this Court dismiss the removal for lack of jurisdiction. Plaintiff also requests attorney fees.

I. BACKGROUND

This year, Plaintiff Westfield Club brought two complaints in Eaton County, Michigan against Defendant Dominique for non-payment of rent. The first complaint was filed on March 13, 2007 for non-payment of rent in January (State Case No. 07-1062-LT). On May 15, 2007, the state court issued a judgment against Defendant requiring her to pay $690.04 by May 25 or face eviction. On May 23, Defendant removed the case to federal court. On May 29, Plaintiff sought an order of eviction in state court. The state court issued an order of eviction on May 30. On May 31, Defendant filed an ex parte motion for a stay of eviction. That same day, Judge Bell issued an order remanding the case back to state court for lack of subject matter jurisdiction. In a footnote, Judge Bell indicated he did not reach the question of whether the order of eviction was a valid after an improper removal, but before remand. Judge Bell commented, even with proper jurisdiction, the *Rooker-Feldman* doctrine would probably bar consideration of the state court decision.

Plaintiff filed the second complaint on June 21, 2007 for non-payment of rent in May. (State

Case No. 07-2720-LT). A hearing was scheduled for July 9 at which the parties appeared. The state court, however, rescheduled the hearing for July 16, 2007 at 10:30 a.m. On July 16 at 8:38 a.m., Defendant filed a notice of removal with this Court. Defendant filed an amended notice of removal on August 16, 2007.

Defendant's removal notices are not models of clarity. From what this Court can discern, Defendant alleges the following: (1) improper proceedings on May 30, 2007 by the state court under the first complaint after the case had been removed to federal court; (2) improper service of the summons and complaint in the second action; and (3) deprivation of due process when she appeared for the July 9, 2007 hearing in the second action. Defendant alleges this Court has jurisdiction under the Supremacy Clause of the Constitution of the United States, the Complete Preemption doctrine, the Due Process Clause of the Fourteenth Amendment, the Fifth, Seventh, Tenth and Thirteenth Amendments, and the Judiciary Act. Defendant alleges she has alleged a federal question under 28 U.S.C. §§ 1331 (federal question), 1343 (original jurisdiction over civil rights actions), 1357 (injuries under federal law) and 1443 (removal of civil rights actions) and under 42 U.S.C. §§ 3613 (fair housing enforcement by civil action) and 1983 (deprivation of civil rights by person acting under state law). Defendant further alleges she has a right under 24 C.F.R. 983.551.[1] Plaintiff filed this motion to dismiss on August 6, 2007.

II. SUBJECT MATTER JURISDICTION

    A. 28 U.S.C. § 1441. Federal district courts have original jurisdiction over all civil action

---

[1] Defendant alleges this regulation requires a tenancy addendum be attached to her lease. This Court notes 24 C.F.R. 983.256 requires a Section 8 HUD tenancy addendum be attached to leases when the owner/lessor enters into a Housing Assistance Payment contract.

arising under the Constitution, laws and treaties of the United States.  28 U.S.C. § 1331; *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987); *Roddy v. Grand Trunk W. R.R.*, *Inc.,* 395 F.3d 318, 322 (6th Cir. 2005).  Generally, defendants sued in state court may remove the action to federal court if the federal district court has original jurisdiction over the matter.  28 U.S.C. § 1441; *Caterpillar,* 482 U.S. at 392; *Gentek Bldg Prod., Inc. v. Steel Peel Litig. Trust*, 491 F.3d 320, 324 (6th Cir. 2007). A court generally looks only at the *plaintiff's* well-pleaded complaint to determine if a claim arises under federal law.  *Franchise Tax Bd. v. Constr. Laborers Vacation* Trust, 463 U.S. 1, 10 (1983) (emphasis in original).  *See Gentek*, 491 F.3d at 325.

      As a corollary to the well-pleaded complaint rule, when Congress so completely preempts a particular area of law, any civil complaint raising a state claim in that area of law is necessarily federal in character.  *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 63 (1987); *Zuniga v Blue Cross & Blue Shield of Michigan*, 52 F.3d 1395, 1398-1399 (6th Cir. 1995).   The federal preemption corollary is very narrow and state law which merely relates to an area of federal legislation does not necessarily create a federal cause of action.  *Warner v. Ford Motor Co.*, 46 F.3d 531, 534 (6th Cir. 1995) (discussing *Metropolitan Life*).  The Fifth Circuit Court of Appeals has articulated a three prong test for determining whether federal law has completely preempted state law: (1) the federal statute must contain a civil enforcement provision creating a cause of action that replaces and protects an analogous area of state law, (2) the statute must include a specific jurisdictional grant to federal courts for enforcement of the right, and (3) there must be clear congressional intent that claims brought under federal law are removable.  *Aaron v. Nat'l Union Fire Ins. Co.*, 876 F.2d 1157 (5th Cir. 1989).  *See Warner*, 46 F.3d at 535 (holding removal is allowed when there is evidence that Congress intended federal law, rather than state law, to occupy the regulated area of law).   The

3

Supreme Court has found only two federal statutes to have completely preempted an area of state law, Section 301 of the Labor Management Relations Act (*Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557 (1968)) and Section 502 of the Employment Retirement Income and Security Act (*Metro. Life*, 481 U.S. 58). *Strong v. Teletronics Pacing Sys., Inc.*, 78 F.3d 256, 259 (6th Cir. 1996).

The party seeking to remove the action to federal court has the burden of establishing that the district court has original jurisdiction. *Long v. Bando Mfg. Of America, Inc.*, 201 F.3d 754, 757 (6th Cir. 2000); *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989) (holding defendant has the burden of establishing that removal was proper). In situations where the action was removed from state court, the district court shall remand the action back to the state court when it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Removal statutes should be narrowly construed because federal courts are courts of limited jurisdiction and because removal of a case raises significant federalism concerns. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Palkow v CSX Transp., Inc.*, 431 F.3d 543, 555 (6th Cir. 2005). The Sixth Circuit Court of Appeals follows a policy that "all doubts as to the propriety of removal are resolved in favor of remand." *Jacada (Europe), Ltd. v. Int'l Mktg. Strategies, Inc.*, 401 F.3d 701, 704 (6th Cir. 2005) (quoting *Coyne v. American Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999)).

"If the complaint relies only on state law, the district court generally lacks subject-matter jurisdiction, and the action is not removable. This makes the plaintiff the master of the complaint; the plaintiff may simply avoid federal jurisdiction by relying exclusively on state law." (citations omitted). *Gentek*, 491 F.3d at 325. Generally, a state law claim cannot be recharacterized as a federal claim for the purpose of removal. *Loftis v United Parcel Serv., Inc.* 342 F.3d 509, 515 (6th Cir. 2003). Similarly, a case may not be removed to federal court on the basis of a federal defense,

4

even when both parties concede that the federal defense is the only real question at issue. *Caterpillar,* 482 U.S. at 393.  A defendant has no inherent right to a federal forum for adjudication of federal rights absent exclusive federal jurisdiction.  *Franchise Tax Bd.*, 463 U.S. at 10.

      B.  28 U.S.C. § 1443.   Defendants may remove civil and criminal actions to federal court when they cannot enforce their civil rights claims in state court.[2]  28 U.S.C. § 1443(1).  Unlike section 1441, when an action is removed under section 1443, a court looks to the civil rights claims of the defendant, rather than plaintiff's complaint for the basis for removal.   *Conrad,* 871 F.2d at 614.  *See Rogers v. Rucker*, 835 F.Supp. 1410, 1412 (N.D. Ga. 1993) (explaining that 28 U.S.C. § 1443 is an exception to the well-pleaded complaint rule  for certain civil rights actions). Through a series of cases, the United States Supreme Court has developed a two step test to determine whether removal may be proper.  *Conrad*, 871 F.2d at 614 (citing *Johnson v. Mississippi*, 421 U.S. 213 (1975), *City of Greenwood v. Peacock*, 384 U.S. 808 (1966) and *Georgia v. Rachel*, 384 U.S. 780 (1966)).  First, the defendant must establish the existence of a federal law which provides for a specific civil right stated in terms of racial equality; second, the defendant must show that he or she is unable or will be denied the opportunity to enforce the right in state court.  *Johnson,* 421 U.S. at 219; *Conrad*, 871 F.2d at 614-615.

      When considering the first prong, courts have "scrupulously honored the unambiguous language of *Rachel* and *Peacock* in restricting the scope of the removal statute to violations of explicit federal statutory and Constitutional laws guaranteeing racial equality for all citizens."

---

[2]This Court will address only 28 U.S.C. § 1443(1) as 28 U.S.C. § 1443(2) is clearly inapplicable here.  Subsection 2 permits removal by federal officers and persons assisting those officers in performance of their official duties.  *City of Greenwood v. Peacock*, 384 U.S. 808, 815 (1966); *Detroit Police Lieutenants and Sergeants Ass'n v. City of Detroit*, 597 F.2d 566, 568 (6th Cir. 1979).

*Water's Edge Habitat, Inc. v. Pulipati*, 837 F.Supp. 501, 505 (E.D. N.Y. 1993). The Supreme Court explained a defendant's claim that his or her rights under generally applicable constitutional or statutory provisions or under statutes not protecting against racial discrimination are insufficient to meet the first prong. *Johnson*, 421 U.S. at 219. Thus, Sections 3604 (discrimination in rental or sale of housing), 3605 (discrimination by person involved in sale of residential real estate) and 3617 (unlawful interference with right granted in sections 3604 and 3605) of the FHA have been found to meet the first prong of the test (*Emigrant Sav. Bank v. Elan Mgt. Corp.*, 668 F.2d 671, 673 (2d Cir. 1982)), but alleged housing discrimination based on familial status did not meet the first prong of the test (*Water's Edge*, 837 F.Supp. at 505). Similarly, the broad provisions of the Due Process Clause of the Fourteenth Amendment and 42 U.S.C. § 1983 do not implicate the sort of civil rights which authorize removal under Section 1443. *City of Cleveland v. Corley*, 398 F.2d 41, 45 (6th Cir. 1968) (quoting *Rachel*, 384 U.S. at 792)).

Under the second prong of the test, there is a presumption that the protection of federal rights would be left to state courts. *Conrad*, 871 F.2d at 615 (interpreting and quoting *Johnson*, 421 U.S. at 219-220 and *Peacock*, 384 U.S. at 828)). Removal is warranted only when the "rare situation where it can be predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in state court." *Peacock*, 384 U.S. at 828. The second prong normally requires the denial of a defendant's civil rights occurs under a formal expression of state law such as a statute or constitutional provision. *Johnson*, 421 U.S. at 219. In the absence of any such discriminatory state enactment, a defendant must show an equivalent basis for the firm prediction that he or she would be denied or could not enforce the specified federal right in state court. *Rachel*, 384 U.S. at 804. In *Rachel*, the

6

Court found an equivalent basis because the particular civil right at issue specifically granted immunity from state prosecution when exercising civil rights under the statute. *Id. See* 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure*, § 3728 at 189 (3d ed. 1998). A court should look at the acts of the defendant at issue to see if they constitute or were tied to a protected activity and whether retaliation for engaging in that conduct was prohibited by federal law. *Conrad*, 871 F.2d at 615. If such a connection exists, removal would be proper. *Id.*

III. ATTORNEY FEES

Plaintiff has not identified any authority for awarding attorney fees. When remanding a case, a district court may award "just costs and actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The decision to award fees is within the discretion of the district court. *Bartholomew v Town of Collierville*, 409 F.3d 684, 686 (6th Cir. 2005). Absent unusual circumstances, attorney fees should not be awarded when the removing party has an objectively reasonable basis for removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136, 141 (2005); *Gentek*, 491 F.3d at 332. This approach deters removals made for the purpose of prolonging litigation and causing increased expenses to the opposing party, while not undermining a defendant's right to remove a matter when the statutory criteria are met. *Martin*, 546 U.S. at 140.

IV. ANALYSIS

A. Jurisdiction. Defendant has failed to establish this Court has original jurisdiction over the complaint and therefore the action may not properly be removed under 28 U.S.C. § 1441. Plaintiff's well-pleaded complaint does not contain any question of federal law. Landlord-tenant disputes and eviction actions are typically state law claims. *The Home Loan*

*Cntr. v. Thompkins*, No. 06-10379, 2006 WL 335707 (E.D. Mich. Feb. 14, 2006). *See United Mut. Houses, L.P. v. Andujar*, 230 F.Supp. 2d 349, 354 (S.D. N.Y. 2002) (noting it is well established that the landlord-tenant relationship is fundamentally a matter of state law and that federal courts appropriately abstain from adjudicating those actions as they involve complex questions of state law). Neither Defendant's federally based defenses nor Defendant's use of Section 1441 can serve as the basis for removal.

Defendant has not established that the complaint raises state law issues that have been completely preempted by Congress. No court has held the FHA has preempted state law sufficient to justify removal. *See* 14B Wright, Miller & Cooper, § 3722.1 at 543-553. Defendant has not established that Congress intended the FHA to preempt the landlord-tenant relationship traditionally governed by state law. The only other indication of some federal preemption is Defendant's reference to a regulation requiring a tenancy addendum be attached to a lease when the landlord accepts Section 8 housing vouchers from HUD. Assuming, for the sake of argument only, that a federal regulation rather than a federal statute might completely preempt an area of state law, this particular regulation most certainly does not. The regulation simply requires the landlord include certain provisions in the lease or through an addendum to the lease. To suggest that the regulation is somehow a preemption of an entire area of law demonstrates a profound misunderstanding of the doctrine. Because Defendant cannot establish original jurisdiction through the complaint, Defendant must establish jurisdiction under Section 1443.

Defendant has failed to meet either prong of the two part test for establishing jurisdiction under Section 1443. Defendant's notices of removal generally do not identify a violation of a federal constitutional law or statutory provision guaranteeing racial equality for all citizens. The

broad provisions of the Supremacy Clause, the Due Process Clause of the Fourteenth Amendment, the Fifth, Seventh, Tenth Amendments, Judiciary Act (28 U.S.C. §§ 1331, 1343, 1357) and 42 U.S.C. 1983 do not invoke the guarantee of racial equality necessary to invoke removal under 28 U.S.C. § 1443(1).  Defendant has not explained how her rights under the Thirteenth Amendment have been violated.  Finally, although specific provisions of the FHA have been used to remove actions, Defendant does not assert any of those provisions.  Defendant's allegation of racial discrimination in rental housing rests on her landlord's failure to attach an addendum to her lease.  The federal regulation relied upon by Defendant is not a guarantee of racial equality as its protections apply to everyone who rents property from a landlord who agrees to accept section 8 vouchers.

Even if Defendant could get by the first prong of the test, Defendant cannot meet the second prong of the test.  Defendant has not pointed to any state law which denies her federally protected rights.  Defendant has not engaged in any activity that is protected by a federal statute or Constitutional provision guaranteeing racial equality.  *See Akhlaghi v. Berry*, 294 F.Supp. 2d 1238, 1244-1245 (D. Kan. 2003) ("stated another way, defendants have no federally conferred immunity from having to defend the claims brought against them by plaintiff and the civil rights statutes upon which they rely do not confer upon them the right to engage in the specific conduct of which plaintiff accuses them (*i.e.,* failing to pay rent).").  To the extent she believes the state court has violated her federal constitutional rights, Defendant's recourse is to file an appeal of the judgment against her, but any such violation is not a valid basis for removal.

B.  Attorney Fees.  This Court awards attorney fees to Plaintiff for the expenses incurred in opposing the notice of removal.  Defendant had no objectively reasonable basis for removal.

Defendant removed an earlier complaint for eviction filed by Plaintiff which was dismissed for lack of subject matter jurisdiction. Defendant's notice this time was accompanied by additional references to federal law, all of which lacked an objectively reasonable basis for removal. To the extent Defendant is not trained in the law, the prior dismissal certainly put her on notice that her claim lacked merit. In fact, Judge Bell pointed out in a footnote that even if the court had jurisdiction, it might be precluded from considering the decision.

V.  CONCLUSION

This Court does not have subject matter jurisdiction over the action. Defendant's removal was improper and the case is remanded. Plaintiff is entitled to attorney fees incurred as a result of the removal. This Court acknowledges that any actions taken by the state court in 07-1062-LT may not properly be at issue here. Defendant removed 07-2720-LT. This Court confines its conclusion to the allegations raised in the complaint filed in the 07-2720-LT case and Defendant's notices of removal. Because this Court concludes that nothing in those documents authorizes removal, it is unnecessary to decide whether the judgment issued in 07-1062-LT, after that case was removed but prior to remand, was proper.

Because this Court lacks subject matter jurisdiction and the case has been remanded, this Court finds it unnecessary to resolve Defendant's Motion to Appoint Counsel (Dkt. No. 4) and the motion is dismissed as moot.

An order consistent with this opinion has been contemporaneously filed.

Date:  October 1, 2007                    /s/ Paul L. Maloney
                                          Paul L. Maloney
                                          United States District Judge